# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

JENNIFER JO BIRD, by and through her
Attorney-in-Fact, JOHN BIRD,

§
§
§
§

*Plaintiff*,

§
§

v.

§   Case No. CIV ___21-CV-180-SPS___

§
§

BOKF, N.A., D/B/A BANK OF OKLAHOMA, AS
TRUSTEE OF THE CARL ANDERSON, SR., AND
MARIE JO ANDERSON FAMILY TRUST,
F/B/O JENNIFER JO BIRD,

§
§
§
§
§

*Defendant*.

§
§

## COMPLAINT AND DEMAND FOR JURY TRIAL

JENNIFER JO BIRD, Individually, by and through her attorney-in-fact, JOHN BIRD,

Plaintiff hereby files her *Complaint and Demand for Jury Trial* against BOKF, N.A. d/b/a Bank of

Oklahoma, as Trustee of the Carl Anderson, Sr., and Marie Jo Anderson Family Trust, f/b/o

Jennifer Jo Bird, Defendant and respectfully shows the Court as follows:

### I.   PARTIES

1.      Plaintiff, JENNIFER JO BIRD, by and through her attorney-in-fact, John Bird

("**Jennifer**" or "**Plaintiff**") is a Texas resident. Jennifer's husband and attorney-in-fact, John

Bird, is also a Texas resident.

2.      Defendant, BOKF, N.A. D/B/A BANK OF OKLAHOMA, AS TRUSTEE OF THE CARL

ANDERSON, SR. AND MARIE JO ANDERSON FAMILY TRUST ("**BOKF, as Trustee**", "**Trustee**" or

"**Defendant**") is a national banking association with its principal place of business and may be

served at: **ONE WILLIAMS CENTER, P.O. BOX 2300, TULSA, OKLAHOMA 74172**.

### II.   JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction pursuant to 28 S.S.C. §1332(a)(1),

because there is complete diversity jurisdiction between the parties, who are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4.     Venue is proper in this District, pursuant to 28 U.S.C. §§1391(b), (c) and (d), because Defendant, BOKF, as Trustee, is an entity with the capacity to sue and be sued in its common name under applicable law and is subject to the Court's personal jurisdiction with respect to this civil action having offices located and doing business in this District providing sufficient contacts to confer personal jurisdiction in this District. In the alternative, venue is proper in this District, pursuant to 28 U.S.C. §1391(b)(3), as Defendant, BOKF, as Trustee, is subject to the Court's personal jurisdiction with respect to this civil action.

## III.     THE FAMILY TRUST

5.     The CARL ANDERSON, SR. AND MARIE JO ANDERSON FAMILY TRUST (the "**Family Trust**") was created and funded by Carl Clay Anderson, Sr. and Marie Jo Anderson on May 20, 1996. *A true and correct copy of the Family Trust is attached as **Exhibit A**.*

## IV.     STANDING & CAPACITY

6.     Jennifer Jo Bird has standing to file this suit for breach of trust, breach of fiduciary duties, tortious conduct, damages and for a declaratory judgment as the primary beneficiary of the Family Trust, who has been damaged by the actions of the Trustee.

7.     BOKF, as Trustee, has been sued in the correct capacity – its capacity as the Trustee of the Family Trust – for its breach of trust, breaches fiduciary duty and for its tortious conduct.

## V.     BRIEF STATEMENT OF CLAIM

8.     Jennifer complains about the Trustee of the Family Trust and its breaches of trust and fiduciary duty in relation to the Family Trust because it refuses to make distribution of

millions of dollars in income that is, specifically, required by the terms of the Family Trust. In short, Trustee has breached its trust by refusing to follow the "rule-book," which is the trust instrument. The purpose of the Trust is being frustrated, if not thwarted completely, by BOKF's continuing refusal to abide by its fiduciary duties. Jennifer also seeks removal of BOKF, as Trustee of the Family Trust, for such breaches of trust and mismanagement of its administration to find a new trustee willing to do all it is required to do according to the terms of the Family Trust.

## VI.     STATEMENT OF FACTS

9.      BOKF, as Trustee, has been sued in the correct capacity as the Trustee of the Family Trust.

10.     Carl Clay Anderson, Sr. ("**Carl, Sr.**"), started humbly but, ultimately, personified the classic American "rags-to-riches" dream. Carl was born around the time of the first World War and grew up on the plains of Grady County, Oklahoma. Carl, Sr.'s family was dirt poor growing up, but Early in his life, Carl's family was all but destitute and Carl bore the responsibility of caring for his siblings, laying the foundation for his love of family and desire to provide for them. Carl, Sr.'s father introduced him to the oil business at an early age and Carl, Sr. worked on rigs near their homestead. As an adolescent, Carl quit school to work full-time in the oil fields, but he, his older brother, Bud Anderson ("Buddy"), and his younger brother, Claude Anderson ("Claude"), discovered the dire need for trucks to lay pipelines for oil companies. The Anderson Brothers Corporation ("Anderson Brothers") was born. Through the guidance of Carl, Sr. the Anderson Brothers became wildly successful.

11.     Around the age of eighteen, Carl married and had two sons: (**1**) Max Leroy

Anderson ("**Maxie**"), and (**2**) Carl Clay Anderson, Jr. ("**Carl, Jr.**"), who had children. Later, Carl, Sr. divorced his first wife and married Marie Jo Anderson ("Marie Jo") and, with her had two daughters: (i) Carroll, who died at an early age, and (ii) Jennifer Jo. Carl and Marie Jo maintained a loving and unbreakable relationship for the remainder of their lives; his love of family and desire to provide for them never wavered. Over the years and with his giant monetary success, Carl, Sr. and Marie Joe funded several trusts to provide for their children and descendants and a charitable Foundation, known as the *Carl Anderson, Sr. and Marie Jo Anderson Charitable Foundation* (the "**Foundation**"). Currently, the property owned by the Foundation is in excess of $80 million.

12.     The Family Trust. One of the Trusts created by Carl, Sr. and Marie Jo was a Family Trust established May 20, 1996, which was a revocable income distribution trust.[1] The Family Trust was divided into two (2) separate shares with one-half set aside for the Grantors' daughter, Jennifer and the other half to be used to create nine (9) other separate trusts for the descendants of Carl, Sr. through his predeceased sons,[2] not relevant to this case. The Family Trust for the benefit of Jennifer is the subject of this lawsuit, and Jennifer was and is the primary beneficiary of the Family Trust FBO Jennifer. *For brevity and simplicity and since the nine (9) separate trusts are not relevant here, the Family Trust created for the benefit of Jennifer Jo Bird shall be referred to herein as either the "**Family Trust FBO Jennifer**" or the "**Family Trust**."*

13.     The Grantors were the initial Co-Trustees of the Family Trust.[3]  Following the death of the Grantors, Jennifer served as the sole Successor Trustee of the Family Trust FBO Jennifer.

---

[1] Exhibit A - *Family Trust Agreement*, Introduction, Paragraph 1, Page 1.
[2] Exhibit A - *Family Trust Agreement*, Article I, Section 2, Page 2.
[3] Exhibit A - *Family Trust Agreement*, Introduction, Paragraph 1, Page 1, and Signatures, Page 15.

14.     The Family Trust FBO Jennifer Jo Bird became irrevocable upon the death of both Grantors[4] The Family Trust provides for monthly or quarterly payments of the Trust's net income to Jennifer[5] with discretionary principal distributions to Jennifer even to exhaustion.[6]   Upon Jennifer attaining the age of sixty (60) years, one-half of the corpus of her Trust was to be distributed and was distributed to her free of trust.[7]   The remaining one-half (½) of the corpus continued and continues in trust for Jennifer's benefit to this day and for the remainder of her life.[8]

15.     The Family Trust specifically provides that all questions pertaining to its validity, construction and administration shall be determined in accordance with Texas law.[9]

**Trust Purpose and Distribution Scheme**.

16.     The **PRIMARY BENEFICIARY OF THE FAMILY TRUST IS JENNIFER** and no one, not even the Foundation, can deny it. The Family Trust, after the death of the Grantors, f/b/o Jennifer Jo Bird, was and is set up to benefit Jennifer and only Jennifer during her lifetime, with the Foundation receiving whatever is left in it when she dies, if anything and only if she dies without descendants; making it a contingent remainder beneficiary.

17.     BOKF can see, as simply as the Foundation, that the language of the Trust leaves no doubt about its purpose and makes its purpose unequivocal as follows[10]:

> The Grantors are desirous of creating trusts for the purposes
> and upon the terms and provisions hereinafter set forth.

---

[4] Exhibit A - *Family Trust Agreement*, Article IV, Section 1, Page 13.
[5] Exhibit A - *Family Trust Agreement*, Article I, Section 4, Page 3.
[6] Exhibit A - *Family Trust Agreement*, Article I, Section 5, Page 3.
[7] Exhibit A - *Family Trust Agreement*, Article I, Section 6, Page 4.
[8] *Id.*
[9] Exhibit A - *Family Trust Agreement*, Article IV, Section 4, Page 14.
[10] Exhibit A - *Family Trust Agreement*, Introduction, Page 1.

and[11]

> One Thousand ($1,000.00) Dollars.  This cash, together with any other property which may hereafter be assigned and conveyed to the Trustees subject to the trusts hereby created, shall be held and disposed of by the Trustees, in trust subject to the following terms, conditions and purposes.

and[12]

> Section 2.  The Trustees shall initially divide the trust property into two parts, equal in value.  One of such equal parts shall be held in trust for the primary benefit of Grantors' daughter, Jennifer Jo Bird.  Another of such equal parts shall be

and[13]

> Each of the trusts provided for by this section shall be known and designated by the name of the primary beneficiary (hereinafter referred to as the "Beneficiary" of his or her trust.)

The Family Trust mandates that ALL NET INCOME be paid to the Beneficiary Jennifer, as follows[14]:

---

[11] Exhibit A - *Family Trust Agreement*, Introduction, Page 1.
[12] Exhibit A - *Family Trust Agreement*, Article I, Section 2, Page 2.
[13] Exhibit A - *Family Trust Agreement*, Article I, Section 2, Page 2.
[14] Exhibit A - *Family Trust Agreement*, Article I, Section 4, Page 3.

> Section 4. The Trustees, after providing for payment of all appropriate and necessary costs, including, but not limited to depletion, deprecation and realized capital losses, other operating losses, expenses and taxes incident to the administration of the Trusts, shall distribute and pay the net income of each trust to the respective Beneficiary thereof, in monthly or quarterly installments or other convenient installments. Net income shall include realized capital gains.

And, most importantly, the full authority to distribute the principal to the point of exhaustion[15]:

> Section 5. After the death of either Grantor, and so long as the surviving grantor is acting as a Co-Trustee, the surviving Grantor, as Co-Trustee, and after the surviving Grantor dies or ceases to act as Co-Trustee, then the remaining Trustees, may distribute to any and/or each of the primary Beneficiaries of the trusts such amounts of the principal of the respective trusts as the surviving Grantor, in her or his sole discretion as Co-Trustee, or if neither Grantor is so acting as Trustee, then as the remaining Trustees in their discretion, may deem appropriate from time to time, even to the complete termination of any and/or all of the trusts held hereunder, (provided that any such distribution shall be charged against the share of such principal held in the trust for the Beneficiary to whom the distribution is made). The

18.    The Family Trust further provides:

---

[15] Exhibit A - *Family Trust Agreement*, Article I, Section 5, Page 3.

> Section 9.    The Trust created for Jennifer Jo Bird shall terminate upon her death.   Should Jennifer Jo Bird die without any surviving descendant, all of her remaining trust estate (corpus,

Family Trust, Article I, Section 9, Page 4.

19.    Solely benefitting Jennifer is the PRIMARY purpose of the Trust and the Settlors establish contingencies that must occur before the Foundation's interest in the Family Trust vests. The specific language in the Family Trust establishing its purpose and making certain Jennifer was and is the primary beneficiary during her lifetime is as follows[16]:

> Section 2.    The Trustees shall initially divide the trust property into two parts, equal in value.   One of such equal parts shall be held in trust for the primary benefit of Grantors' daughter, Jennifer Jo Bird.   Another of such equal parts shall be

and[17]

> Each of the trusts provided for by this section shall be known and designated by the name of the primary beneficiary (hereinafter referred to as the "Beneficiary" of his or her trust.)

Family Trust, Article I, Section 2, Page 2.

20.    That the purpose is to benefit Jennifer and only Jennifer to the exclusion of everyone else could not be underscored more strongly than the Grantors' giving the Trustee, in the Family Trust Agreement, total discretion to distribute the principal of the Trust to the beneficiary even to the point of exhaustion – and termination – of the Family Trust. It is evident the reason Grantors gave the Trustee so much power and discretion, to the point of waiving all obligation to abide by any

---

[16] Exhibit A - *Family Trust Agreement*, Article I, Section 2, Page 2.
[17] Exhibit A - *Family Trust Agreement*, Article I, Section 2, Page 2.

Texas statutory laws that would contradict the provisions of the Trust Agreement, including waiving all requirement to diversify, and waiving and releasing all liability for the Trustee making a bad investment and exonerating the Trustee from all is to promote the purpose of the Family Trust. The purpose of the Family Trust – to benefit Jennifer – is the overriding reason for its existence.

21.     Finally, it provides that, upon Jennifer's death, all her remaining trust estate shall be distributed to the Foundation. The contingency of the Trustee distributing the entirety of the principal within its discretion, to Jennifer and the contingency of whether Jennifer will have descendants at her death make the Foundation nothing more than contingent remainder with "maybe rights" at best. The Foundation as a contingent beneficiary cannot interfere with the administration of the Family Trust and cannot hinder its purpose or cause it to change the way it operates to its benefit and to Jennifer's detriment and cannot require an accounting; it cannot alter the Family Trust's primary purpose.  In fact, the Foundation has no standing to be heard concerning the Family Trust, its assets or its administration.

**Investment - Kerrisdale**.

22.     When Jennifer was Trustee of the Family Trust (prior to April 2019), she invested the Family Trust in a fund called Kerrisdale Capital Partners, L.P. ("**Kerrisdale Investment**"). Jennifer's initial investment of $2,591,172.26 in Kerrisdale was made in December 2012 with additional investments occurring over the years.

23.     Jennifer resigned and BOKF, N.A. d/b/a Bank of Oklahoma ("BOKF") took over and has been administering the Family Trust FBO Jennifer as the sole Successor Trustee since April 2019.

24.     The Kerrisdale Investment has yielded high income returns for Jennifer as primary beneficiary in conformity with the purpose of the Family Trust. It did, in fact, return very high

yields while the Family Trust property was invested in it. It has for years returned income higher than ten percent and even in the range of up to fifty percent in some years. The average annual return was far more than anything any other Trustee could do with the Family Trust property – and it still carries such returns. Why would the Trustee income distribution trust created to benefit the Settlor's daughter to the point of exhaustion (translated: to the exclusion of everyone else on the planet), not want to maximize the income it has to distribute to benefit that primary beneficiary? The reason for this decision might not be clear to a casual observer, they are nevertheless apparent from a careful review of the surrounding facts.

25.     The motivation for the refusal to maximize the income distribution for Jennifer? To appease the Foundation. The Foundation was aware of the Kerrisdale Investment the entire time, and only recently, became "upset" about it. The Foundation is, apparently, upset about Jennifer, as Trustee, and, later, BOKF, as Trustee, being able to accomplish exactly the purpose of the Family Trust. The Foundation, however, has no say in how the Trustee invests the Trust and lacks standing to do so. Yet, unfortunately, BOKF, as Trustee, has allowed the Foundation to influence its decision-making to the detriment of Jennifer, the primary beneficiary of the Family Trust.

**The Foundation Demands to Alter Investment – Trustee Bows to Its Demands**.

26.     The Foundation continues to assert it has more rights as the "remainder beneficiary" of the Family Trust f/b/o Jennifer, claiming it was and is entitled to an annual statement of account. The problem is that it is not a "remainder beneficiary," but a contingent remainder beneficiary; contingent remainder beneficiaries are not entitled to an accounting. *Lowrance v. Whitfield*, 752 S.W.2d 129, 136 (Tex. App. – Houston [1st Dist.] 1988, writ denied).

27.     The Foundation claims the Family Trust is primarily invested in high risk,

undiversified portfolio causing unnecessary and unacceptable amount of risk that violates the fiduciary obligations of BOKF, as Trustee. It has demanded the investment be liquidated and that the proceeds be reinvested in less risky investments that are diversified and, acting with self-serving intent, that preserves principal. BOKF, as Trustee, has chosen to favor the contingency – secondary – beneficiary over its primary beneficiary – Jennifer – and it did so at its own risk.

28.     The Foundation had received millions of dollars from Carl, Sr. and Marie Jo, yet it, apparently, is not satisfied with what its benefactors donated to it to create it and wants more. The Foundation's demands were and are unreasonable considering the purpose of the Family Trust was and is to provide for Jennifer for her lifetime. Granted, the foundation gets whatever remains upon Jennifer's death, which estimates to be substantial, but it has no ability to be reasonable in the face of Carl, Sr. and Marie Jo's desires for their daughter. It is not Jennifer's fault that BOKF, as Trustee, has made bad decisions about who to prioritize, letting the proverbial "tail wag the dog." But BOKF, as Trustee, made this bed and it now gets to lay in it.

**Failure to Distribute Income**.

29.     The Family Trust earned the following income during the period January 1, 2017 through December 31, 2020 that was not distributed to Jennifer as required by the terms of the Family Trust:

| Year Ending | Recognized Income |
|---|---|
| December 31, 2017 | $1,789,107.00 |
| December 31, 2018 | ($623,197.00) |
| December 31, 2019 | ($12,377.00) |
| December 31, 2020 | $1,216,686.00 |

| Total | $2,370,219.00 |
|-------|---------------|

30.     Regardless of whether BOKF retains or liquidates the Kerrisdale Investment, Jennifer is currently entitled to a distribution in the amount of $2,370,219.00 for the period January 1, 2017 through December 31, 2020. BOKF's continued failure and refusal to distribute this income to Jennifer is a breach of the terms of the Family Trust, a breach of BOKF's fiduciary duties and defeats the Family Trust's purpose.

## VII.     CAUSE OF ACTION I – BREACH OF TRUST

31.     A "'[b]reach of trust' means a violation by a trustee of a duty the trustee owes to a beneficiary." TEX. EST. CODE §111.004(25).

32.     There is an implied duty to invest non-income producing assets held in trust when there is a direction by the grantor to pay over the interest or income to a beneficiary *Moore v. Sanders*, 106 S.W.2d 337, 339 (Tex. Civ. App. – San Antonio 1937, no writ), and it is the trustee's duty to use reasonable diligence in doing so. *McMullen v. Sims*, 37 S.W.2d 141, 144 (Tex. Comm'n App. 1931, holding approved." *Barrientos*, at 285.

33.     After numerous discussions, BOKF, as Trustee of the Family Trust, has refused to abide by its terms and, as a result, has breached its trust. BOKF, as Trustee of the Family Trust, owes Jennifer the income generated by the Family Trust for the period January 1, 2017 through December 31, 2020 in the amount of $2,370,219.00 as well as any additional income generated after December 31, 2020.

34.     BOKF, as Trustee of the Family Trust breached its fiduciary duties to Jennifer by refusing to make distributions to her in accordance with the terms of the Family Trust, by failing to inform Jennifer of any valid reason why it will not make such distributions, by failing to fully

inform Jennifer of all information that materially affects her interest, by considering the

secondary beneficiary's interest – the Foundation – over the primary beneficiary's interest

(Jennifer); by abiding the Foundation's interests and kowtowing to the Foundations demands

rather than doing its job and making distributions of income and distributions of prior

undistributed income to Jennifer; by failing to act in Jennifer's best interests, showing bias against

Jennifer and in favor of the Foundation and withholding income and distributions of prior

undistributed income that interfered with its ability to exercise good judgment about its

obligations all to Jennifer's detriment; by failing to act in good faith and fair dealing with Jennifer;

by failing to act fairly toward Jennifer.

35.     Because BOKF has breached its trust, BOKF, should be held liable for all resulting

damages, and Jennifer is entitled to one or more of the following remedies, as made available by

TEX. PROP. CODE §114.008, and Jennifer requests Court order each or all the following:

a.   Compel Trustee to perform its duties as trustee, including ordering Trustee to
     immediately make distributions of the income of the Family Trust to Jennifer;

b.   Remove Trustee as provided under Section 113.082 or, in the alternative, enjoin
     Trustee from committing any further breaches of trust;

c.   Deny all compensation to each, respectively, and grant all additional, requested
     damages; and

d.   Other appropriate relief.

### VIII.     CAUSE OF ACTION II – BREACH OF FIDUCIARY DUTY AS TRUSTEE

36.     As set forth above, BOKF, as Trustee of the Family Trust, had and has a formal

fiduciary relationship with Jennifer and owed and owes her fiduciary duties.  BOKF has breached

its fiduciary duties to Jennifer in a number of ways, including, but not limited to: (i) failing to act

in Jennifer's best interest; (ii) breaching its duty of loyalty; (iii) deferring its investment strategy

to the demands of the Foundation, a contingent remainder beneficiary, instead of maintaining

investments that provide for Jennifer, as the primary beneficiary, consistent with the clear terms

and purpose of the Family Trust; (iv) failing to follow the terms of the Family Trust; (v) failing

and refusing to distribute to Jennifer millions of dollars of Family Trust income as required by

the terms of the Family Trust. Such breaches of fiduciary duty have caused actual damages to

Jennifer.

37.     BOKF should be held liable for all damages incurred or resulting from its breaches

of fiduciary duty.

## IX.     CAUSE OF ACTION III – REMOVAL

38.     The Trust Code provides for removal of trustees as follows:

Sec. 113.082.  REMOVAL OF TRUSTEE.

(a)  A trustee may be removed in accordance with the terms of the
trust instrument, or, on the petition of an interested person and after
hearing, a court may, in its discretion, remove a trustee and deny
part or all of the trustee's compensation if:

> (1)     the trustee materially violated or attempted to violate
> the terms of the trust and the violation or attempted
> violation results in a material financial loss to the
> trust;
> (2)     the trustee becomes incapacitated or insolvent;
> (3)     the trustee fails to make an accounting that is
> required by law or by the terms of the trust; or
> (4)  the court finds other cause for removal.

(b)     A beneficiary, co-trustee, or successor trustee may treat a
violation resulting in removal as a breach of trust.

(c)     A trustee of a charitable trust may not be removed solely on
the grounds that the trustee exercised the trustee's power to
adjust between principal and income under Section
113.0211.

39.     A trustee will be removed if the trier of fact finds that the evidence shows the

trustee has committed one of the enumerated acts or an act, not enumerated, that the trial court in

its discretion deems a property ground for removal. *Barrientos v. Nava*, 94 S.W.3d 270, 284 (Tex.

App. – Houston [14th Dist.} 2002, no writ), citing, *Akin v. Dahl*, 661 S.W.2d 911, 913 (Tex.

1983).

40.     Texas case law has held that certain actions constitute such grounds for removal.

"Gross misconduct" and "gross mismanagement" include at a minimum: (1) any willful omission

to perform a legal duty; (2) any intentional commission of a wrongful act; and (3) any breach of

fiduciary duty that results in actual harm to a beneficiary's interests.  *Sammons v. Elder*, 940

S.W.2d 276, 283 (Tex. App. – Waco 1997, writ denied); *Street v. Skipper*, 887 S.W.2d 78,82

(Tex. App. – Fort Worth 1994, writ denied); *McLendon v. McLendon*, 862 S.W.2d 662, 667 (Tex.

App. – Dallas 1993, writ denied); *Geeslin v. McElhenney*, 788 S.W.2d 683, 685 (Tex. App. –

Austin 1990, no writ).

41.     BOKF has substantially and materially violated and breached the terms of the

Family Trust and should be removed in accordance with TEX. PROP. CODE §113.082, as

follows:

      a.  <u>Failure to Follow Trust Terms</u>.  First (and foremost), BOKF has failed to administer the Family Trust according to its respective terms in violation of TEX. PROP. CODE §113.051.  See TEX. PROP. CODE §113.082(a)(1).

      b.  <u>Refusal and Delay of Distributions</u>. Trustee has intentionally and willfully refused to make distribution of the Trust income as required by the terms of the Trust.

      c.  <u>Breach of Duty of Loyalty</u>. Trustee has violated its statutory and common-law duty of loyalty in taking actions that harm Jennifer as the primary beneficiary of the Trust to comply with the demands of the Foundation, a contingent remainder beneficiary of the Trust. See TEX. PROP. CODE §113.051 and TEX. PROP. CODE §117.007.

      d.  <u>Breach of Common-Law Duties</u>.  Trustee has breached its common law fiduciary duty and/or duty as trustee, including, but not limited to, at all times, to act in the best interest of the beneficiary, the duty of good-faith and fair dealing, and the duty of loyalty and impartiality.

42.     As a result, Trustee must be removed immediately to promote the primary objective of the Family Trust and to prevent further harm to Jennifer.

### X.        CAUSE OF ACTION IV - DECLARATORY JUDGMENT

43.     Jennifer requests that the Court grant and enter a declaratory judgment regarding the Family Trust, pursuant to the Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE §37.001, *et. seq.*, that:

    i.    All undistributed income retain its income allocation until distributed;

    ii.   Jennifer is entitled to distribution of all income earned in 2020, according to the terms of the Family Trust;

    iii.  Jennifer is entitled to distribution of all income earned prior to 2020 but not yet distributed, according to the terms of the Family Trust; and

    iv.   That BOKF, as Trustee of the Family Trust, wrongfully refused to make such distribution.

    v.    That BOKF, as Trustee of the Family Trust, is required by its terms and by law to immediately distribute all undistributed income in the Family Trust to Jennifer.

44.     Jennifer requests the Court grant all declaratory judgment as requested above.

### XI.        ACTUAL DAMAGES

45.     BOKF should be ordered to pay all damages incurred by Jennifer resulting and associated with the actions and activities of BOKF.

### XII.        DENIAL AND DISGORGEMENT OF FEES

46.     Due to the failures and breaches as stated above, BOKF cannot avail itself to the protections of, at a minimum, the Texas Property (Trust) Code allowed for defending itself, including paying its attorney's fees out the Family Trust. Such fees should be disgorged and BOKF and/or its attorneys should be ordered to return or repay all fees collected by such attorneys' law

firms or any other lawyer or law firm representing BOKF, respectively and/or collectively, in this matter.

47.     A fiduciary in not allowed to profit from its breaches of fiduciary duty. Accordingly, all fiduciary fees paid to BOKF should be disallowed, should be set aside and disgorged and returned immediately to the Family Trust.

### XIII.     TRUSTEE'S LACK OF GOOD-FAITH IN DEFENDING ITS ACTIONS

48.     BOKF cannot take the position or argue or assert or contend that it has acted in good faith in defending its actions, because its actions are a *per se* breach of its fiduciary obligations.  The failure to perform and failure to follow the clear terms of the Family Trust are all the fruits of Trustee's malfeasance and improper and bad conduct and is a *per se* violation of BOKF's duty of fair-dealing.  As a result, Trustee is not entitled to be paid fees and is not entitled to use trust assets or funds to pay its attorney's fees and expenses.

49.     The Court should disallow all fees of BOKF and order that it not be paid out of assets or funds of the Family Trust.

### XIV.     ATTORNEY'S FEES AND EXPENSES

50.     Jennifer hired the undersigned to represent her in this matter and has agreed to pay the necessary and reasonable attorney's fees and expenses. Jennifer and her attorneys have acted in good faith and with just cause. Jennifer requests her reasonable attorney's fees and expenses incurred in this proceeding be paid by BOKF or, alternatively, paid out of the funds in the Family Trust, pursuant to the Texas Property (Trust) Code and/or the Texas Civil Practice and Remedies Code.

### XV.     PRE-JUDGMENT AND POST-JUDGMENT INTEREST

51.     Jennifer seeks recovery of pre-judgment and post-judgment interest at the highest rate

allowed by law on all damage awards, attorney's fees, expenses and reimbursements.

### XVI.        CONCLUSION

52.        BOKF, as Trustee of the Family Trust should be held liable for all damages caused

by its refusal and utter failure to perform its duties under the terms of the Family Trust.

**WHEREFORE,** Jennifer prays for relief and judgment as follows:

a.)        Order BOKF, as Trustee of the Family Trust, to immediately distribute all income accumulated in the Family Trust;
b.)        Find a breach of trust;
c.)        Find breach of fiduciary duties;
d.)        Remove BOKF, as Trustee of the Family Trust;
e.)        In the alternative, enjoin Trustee from committing any further breaches of trust;
f.)        Grant the requested declaratory relief;
g.)        Award actual and compensatory damages against BOKF;
h.)        Deny and Disgorge BOKF's attorney's fees costs from the Family Trust;
i.)        Deny and Disgorge BOKF's trustee fees from the Family Trust;
j.)        Award of attorneys' fees and costs and disbursements of this action; and
k.)        Award pre-judgment and post-judgment interest; and
l.)        Grant general relief and such other and further relief at law or in equity as this Court deems appropriate.

### JURY DEMAND

JENNIFER JO BIRD, Individually, by and through her attorney-in-fact, JOHN BIRD, Plaintiff

demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil

Procedure.

**Dated: June 23, 2021**
         **Dallas, Texas**

                                                     Respectfully submitted,

                                                     **SPENCER, JOHNSON & HARVELL, PLLC**

                                        By:     _/s/ R. Kevin Spencer_____
                                                     **R. Kevin Spencer**
                                                     Texas Bar Card No. 00786254
                                                     kevin@dallasprobate.com
                                                     **Zachary E. Johnson**
                                                     Texas Bar Card No. 24063978
                                                     zach@dallasprobate.com

                                                     500 N. Akard Street, Ste 2150
                                                     Dallas, Texas 75201
                                                     (214) 965-9999
                                                     (214) 965-9500 – Fax

                                                     **ATTORNEYS FOR PLAINTIFF**